# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | DAVID H. COAR | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1177 | **DATE** | April 25, 2008 |
| **CASE TITLE** | Bernie B. Cleveland (#N-91318) vs. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to begin making monthly deductions from the plaintiff's account for payment to the clerk of court toward the filing fee in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pinckneyville Correctional Center. The complaint is dismissed on initial review as to Cook County, Tom Dart, Warden Snoop, and Counselor Jones pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to issue summonses for service on defendants Hawkonsen, O'Mally, and Gantiman only. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for appointment of counsel [#4] is granted. Denean K. Sturino / O'Hagan Spencer LLC / One East Wacker Drive, Suite 3400 / Chicago, Illinois 60601 / (312) 422-6129 is appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

     The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officers at the Cook County Jail, violated the plaintiff's constitutional rights by using unjustified force against him. More specifically, the plaintiff alleges that the defendants subjected him to a vicious "beat down" when the plaintiff repeatedly complained about a missed meal.

     The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Because the plaintiff has a zero balance in his prison trust fund account and has had no income in the past six months, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the trust fund officer at the plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(1). Monthly payments shall be forwarded to the clerk of court each time the amount in the account **(CONTINUED)**

mjm

**STATEMENT (continued)**

exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action against the officers who allegedly attacked him. Unjustified force against a pretrial detainee violates the inmate's rights under the Fourteenth Amendment. *See, e.g., Dorsey v. St. Joseph County Jail Officials*, 98 F.3d 1527, 1528 (7th Cir. 1998), *citing Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989). While a more fully developed record may belie he plaintiff's allegations, defendants Hawkonsen, O'Mally, and Gantiman must respond to the complaint.

However, the complaint is dismissed on initial review as to all other defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). To be liable under 42 U.S.C. § 1983, a state actor must have direct, personal involvement in the alleged constitutional violation. *See, e.g., H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Furthermore, any failure to punish the alleged wrongdoers after the fact did not amount to a constitutional violation. The plaintiff had no constitutional right to see his assailants disciplined. Consequently, Dart, Snoop, and Jones are dismissed as defendants. In addition, the complaint is dismissed as to Cook County, in the absence of any allegation of an unconstitutional municipal policy or custom.

The clerk shall issue summonses forthwith for service on defendants Hawkonsen, O'Mally, and Gantiman. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

**(CONTINUED)**

**STATEMENT (continued)**

  Finally, the plaintiff's motion for appointment of counsel is granted. The court hereby appoints Denean K. Sturino / O'Hagan Spencer LLC / One East Wacker Drive, Suite 3400 / Chicago, Illinois 60601 / (312) 422-6129 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.) Counsel is advised that there is a two-year statute of limitations for civil rights actions; she should therefore attempt to identify the John and Jane Doe defendants as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).