FILED
APRIL 25, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:08-cv-01177    Document 8    Filed 04/25/2008    Page 1 of 19

MHK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
FEB 2 6 2008
2-26-2008 MD
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Bennie B. Cleveland

_____
(Enter above the full name
of the plaintiff or plaintiffs in
this action)

08CV1177
JUDGE COAR
MAGISTRATE JUDGE BROWN

vs.

Case No: _____
(To be supplied by the Clerk of this Court)

County of Cook, sued as a Municipal Corporation, Tom Dart, sheriff/warden Salood, Superintendent Jones Counselor, sued in their individual capacity, all other defendant Correctional officer, Haukonsen, O'Mally, Grantsman, Jane Doe 1, John Doe, Jane Doe 2

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

CHECK ONE ONLY:

✓	COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION
	1983 U.S. Code (state, county, or municipal defendants)

_____	COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION),
	TITLE 28 SECTION 1331(a) U.S. Code (federal defendants)

_____	OTHER (cite statute, if known)

BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.

1

I. Plaintiff(s):

　　A.　Name: Bernie B. Cleveland

　　B.　List all aliases: None

　　C.　Prisoner identification number: N91318

　　D.　Place of present confinement: Stateville Correctional Center

　　E.　Address: P.O. Box 112 Route 53 Joliet Illinois 60434-0112

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II. Defendant(s):
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

　　A.　Defendant: Hawkonisen

　　　　Title: Correctional officer

　　　　Place of Employment: Illinois Department of Corrections "Cook County"

　　B.　Defendant: Bantman

　　　　Title: Correctional officer

　　　　Place of Employment: D.O.C. "Cook County Jail Court House"

　　C.　Defendant: O'Mally

　　　　Title: Correctional officer

　　　　Place of Employment: I.D.O.C. Cook County Court House

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

BERNIE B. CLEVELAND, UNITED STATES DISTRICT COURT
 PLAINTIFF NORTHERN DISTRICT OF ILLINOIS
·VS.· EASTERN DIVISION

COUNTY OF COOK, SUED AS A MUNICIPAL
CORPORATION. WARDEN/SHERIFF TOM DART
SUED IN HIS INDIVIDUAL CAPACITY. SUPER-      CASE NO. _____
INTENDENT SNOOK, COUNSELOR JONES, SERGEANT   JURY TRIAL DEMANDED
JOHN DOE, C/O HAWKENSEN, C/O JANE DOE #1, C/O O'MALLY
C/O JANE DOE #2, C/O GANTIMAN. ARE ALL SUED IN
THEIR INDIVIDUAL CAPACITY.

## Preliminary Statement

This Civil Rights Action filed by Bernie B. Cleveland seeking compensatory and punitive damages, pursuant to 42 U.S.C. §1983 and 42 U.S.C. 1985(3). This Action Alleges excessive force and conspiracy while being detained at Cook County Department of Correctional facility. In violation of the 1st, 4th, 8th, 14th Amendment to the United States Constitution. In addition, Plaintiff Bernie B. Cleveland Also bring state law tort of intentional negligent and infliction of emotional and mental stress.

## I. Jurisdiction

1) This Court has Jurisdiction over the Plaintiff claims of violations of federal constitutional Rights under 42 U.S.C. 1331(a), and 1343.

2) This Court has Supplemental Jurisdiction over plaintiff state law tort claims under 28 U.S.C. § 1367.

## II. Parties

3) The Plaintiff Bernie B. Cleveland, was incarcerated at Cook County Department of Corrections "Cook County Jail" during the events described in this complaint.

4) Defendant County of Cook, is president of the Cook County board of Commissioners, and is Responsible for the funding of the jail. Sued as a municipal corporation.

5) The Plaintiff is suing all other Defendants in their individual capacity. Tom Dart, is employed by the Cook County Department of Corrections as Warden/Sheriff and is Responsible for Hiring and Training of all personnel necessary to operate and maintain the jail.

6) Defendant Snoop is employed by Cook County Department of Corrections as Superintendent/Supervisor of Correctional officers and staff who maintain the security on a daily basis.

7) Defendant Jones, is employed by Cook County Department of Corrections, as Counselor and is Responsible for the assistance to all Detainee issues, such as misconduct by staff to Detainee as well as any other issues concerning Detainee.

8) All other Defendants are Correctional officers employed by Cook County Department of Corrections, and continue to act under the color of the law at all times relevant to this complaint. John Doe Hankonsen, Gantiman, Jane Doe #1, O'Mally, Jane Doe #2.

9) Defendant HAWKONSEN is employed by Cook County Department of Corrections, as a Correctional officer to secure all Detainee while in Custody.

10) Defendant GANITIMAN is employed by Cook County Department of Corrections, as a Correctional officer to secure all Detainee's while in Custody.

11) Defendant John Doe, is employed by Cook County Department of Corrections, as a Correctional Sergeant and is Responsible for Correctional officer immediately supervision and to maintain order.

12) Defendant O'Mally, is employed by Cook County Department of Corrections, as a Correctional office to secure all Detainee's while in Custody.

13) Defendant Jane Doe #1, is employed by Cook County Department of Corrections, as a Correctional officer and is Responsible to secure all Detainee's while in Custody, and to maintain the order.

14) Defendant Jane Doe #2, is employed by Cook County Department of Corrections, as a Correctional officer and is Responsible to secure all Detainee's while in Custody and to maintain the order.

15) All Defendants are sued in their individual capacity.

III.  Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.  Is there a grievance procedure available at your institution?

YES (X)   NO ( )   If there is no grievance procedure, skip to F.

B.  Have you filed a grievance concerning the facts in this complaint?

YES (X)   NO ( )

C.  If your answer is YES:

1.  What steps did you take?
I WROTE A GRIEVANCE TO Cook County Grievance Committee Concerning staff Assulted The Plaintiff while Awaiting Court in Cook County Court House.

2.  What was the result?
I never got a reply then I was Transferred To The Department of Corrections "Stateville Corr. Center where I repeatly have wrote Back To Cook County Grievance comm.

3.  If the grievance was not resolved to your satisfaction, did you appeal? No

What was the result (if there was no procedure for appeal, so state.)
They never responded so I couldn't appeal But I did Attempt To Resolve The Issues By Speaking To The Warden Tom Dart, Superintendent Snoop, Counsellor Jones Concerning The Matter and know one Responded.

D.  If your answer is NO, explain why not: I cannot understand why know one [illegible] has help me and this is my reason for attacking a signd affidivat with an copy of The letter I sent Back To Cook County Grievance Committee Requesting A Reply To my Grievance After more than 6 mos. of waiting.

3

E. Is the grievance procedure now completed?   YES ( )   NO (X)

F. If there is no grievance procedure in the institution, did you complain to authorities?   YES (X)   NO ( )

G. If your answer is YES: I SPOKE TO WARDEN/SHERIFF TOM DART, SUPERINTENDENT SNOOK, AND COUNSELOR JONES ON THREE DIFFERENCE OCCASIONALLY IN ATTEMPT TO GET A REPLY.

1. What steps did you take?

I WROTE SEVERAL TIMES TO THE GRIEVANCE COMMITTEE AS WELL. SPOKE WITH SUPERINTENDENT SNOOP WHO SAID HE WOULD GET BACK I SPOKE TO MY COUNSELOR JONES WHO AS WELL TOLD ME SHE WOULD GET BACK.

2. What was the result?

I WASN'T GRANTED A REPLY IN MORE THAN 6 MO.S AS OF NOW.

H. If your answer is NO, explain why not: BECAUSE I WAS NEVER GIVEN A RESPONSE

State of Illinois
County of Will

# Affidavit

I Bernie B. Cleveland being first duly sworn under oath depose and state that the forgoing is true and correct and made upon my personal knowledge and I am competent to testify thereof;

1). On May 15, 2007 while incarcerated at the Cook County Department of Corrections, I was assaulted by correctional staff memebers, Haukonsen, Gantoman, Jane Doe #1, O'Mally, Jane Doe #2, Sergeant John Doe.

2). The above named staff punched and kicked me about my body causing extreme pain and bruises to my body.

3). On May 15, 2007 Due to my condicition I was sent to an outside hospital to be examined by a doctor.

4). On May 18th 2007 I submitted a grievance to the Cook County Department of Corrections Grievance Committee relating to the above named staff memebers assaulting me with the use of excessive force.

5). While awaiting a reply to my grievance I spoke with Tom Dart, Warden/Sheriff, Snoop, Superintendent and Ms. Jones Correctional Counselor concerning my grievances and was never given a reply.

6). During the remaining of my stay I wrote the Grievance Committee requesting a respond none was never given in more than 60's

6) On Aug 24th 2007 I was transferred from Cook County Department of Corrections "Cook County Jail" to Illinois Department of Corrections "Stateville Correctional Center.

7) I'am Presently incarcerated at Stateville Corr. Center in Joliet Illinois 60434-0112

8) I submitted this affidavit to the United States District Court Eastern Division to inform the Judges that while at Stateville Correctional Center I'm still making efforts to recieve a response to my grievance from the Cook County Jail

9) Accompanying this affidavit is a copy of the letter I sent to the Cook County Jail Grievance Committee Requesting a response to my grievance.

    I declare under penalty of perjury that I have read and understand the forgoing affidavit and that the information contained therein is true and correct so help me God.
    Executed with" the United States this 16 day of Nov, 2007 pursuant to title 28 U.S.C. sec.1746 18 U.S.C. sec.1621.

                              Bernie B. Cleveland
                              N91318 Stateville Corr. Center
                              P.O. Box 112 Route 53
                              Joliet Illinois 60434-0112

To: Cook County Jail Grievance Committee
From: Bernie B. Cleveland - N91318
Subject: Response to Grievance
Date: Oct 29, 2007

On May 18th 2007 I submitted my grievance timely and properly to the Grievance Committee relating to me being subjected to excessive force and cruel and unusual punishment which occurred on May 15th 2007. I had repeatly requested the Grievance Committee that I receive a response to my grievance and was not provided a response! On Aug 24, 2007 I was transferred to Illinois Department of Corrections!
I request a response to my grievance be forward to me at Stateville Correctional Center at the below address.

Bernie B. Cleveland
N91318 Stateville Corr Center
P.O. Box 112, Route 53
Joliet Illinois 60434

IV. List all lawsuits you have filed in any state or federal court (including the Central and Southern Districts) of Illinois.

A) Name of case and docket number: Don't Remember
B) Approximate date of filing lawsuit: 12-11-03
C) List all plaintiffs: Bernnie B. Cleveland
D) List all Defendants: Lt. Fisher, C/O Scubblefit et al.
E) Court in which the lawsuit was filed: Central District of Illinois
F) Name of Judge to whom case was assigned: Magistrate Brown
G) Basic claim made: Excessive force, cruel and unusual punishment
H) Disposition of this case: Was the case dismissed: yes "Was it appealed: no"
I) Approximate date of disposition: March 13, 2004

## Count #1. Excessive force

1) On May 15, 2007 Plaintiff was incarcerated at the Cook County Jail in Chicago Illinois.

2) On May 15, 2007 Plaintiff was placed in a bull pin by Correctional officer to await a court appearance.

3) While waiting in the bull pin for several hours Plaintiff became hungry and ask Defendant Gantiman several times could Plaintiff be given lunch.

4) Defendant officer Gantiman refused to give Plaintiff lunch and Plaintiff then requested to speak to a Correctional Sergeant.

5) Defendant Gantiman stated to Plaintiff that Plaintiff is not speaking to a Sergeant and then Defendant Gantiman called Defendant officer Haukonsen.

6) Both Defendants Gantiman and Haukonsen stated to Plaintiff that if Plaintiff didn't close his mouth that we will close it for you.

7) Defendant Haukonsen then stated to Plaintiff I should come in the bull pin and slap the shit out of you bitch.

8) Defendants Gantiman and Haukonsen removed Plaintiff from the bull pin and began pushing and shoving Plaintiff toward another bull pin where Plaintiff encountered Defendant officer Jane Doe#1.

9) Defendant Jane Doe#1 stated to Defendants Gantiman and Haukonsen "I see this guy wants a beat down"!

10) Defendants Gantiman and Haukonsen shoved Plaintiff into the bull pin and Defendant Gantiman slammed the bull pin door shut.

11) Defendant Jane Doe#1, call some more of the guys he need to be taught a ass kicking lesson.

12) Shortly several other Correctional officers approached and joined Defendants Gantiman, Haukonsen and Jane Doe#1.

13) Defendants Haukonsen and Gantiman entered the bull pin without provocation Defendant Haukonsen grabbed Plaintiff by the neck area.

14) Defendants Haukonsen and Gantiman began punching Plaintiff about the body with extreme force and power causing Plaintiff unnecessary and wanton infliction of pain.

15) Defendants Haukonsen and Gantiman with force threw Plaintiff down on the floor.

16) While Plaintiff was on the floor Defendants Haukonsen, Gantiman and Jane Doe #1 began kicking Plaintiff about the body causing Plaintiff extreme pain and shortness of breath.

17) Plaintiff arms was then forced behind his back and Plaintiff was handcuffed.

18) Defendant Jane Doe #2 then stated to Plaintiff the next time you'll keep your fucking mouth shut and Plaintiff responded I'm invited to lunch.

19) Defendant Jane Doe #2 then with a close fist punched Plaintiff in the face causing Plaintiff unnecessary and wanton infliction of pain.

20) Defendants Haukonsen and Gantiman then pulled Plaintiff off the floor and due to Plaintiff's battered body and dizziness Plaintiff fell back down on the floor.

21) While Defendant Haukonsen had his knee on Plaintiff back he stated, "Boy you just got sucker punched by a woman.

22) Defendant Correctional Sergeant John Doe and Defendant officer O'Mally entered the area where Plaintiff laid on the floor.

23) Defendant O'Mally then stood over Plaintiff and used his foot to attempt to roll Plaintiff over causing unnecessary and wanton infliction of pain.

24) Defendant Sergeant John Doe told Defendants Haukonsen, Gantiman and O'Mally to take Plaintiff to a more secured area door stairs.

25) Defendants Haukonsen, Gantiman, O'Mally lifted Plaintiff off the floor by his shirt choking him and forced Plaintiff into an elevator.

26) While inside the elevator Defendants O'Mally, Hawkensen and Gantinnal began punching Plaintiff on Plaintiff chest, arms, back, ribs and neck area causing Plaintiff unnecessary wanton infliction of pain.

27) Plaintiff was then held in a crisis room for a couple of hours where Plaintiff repeatly asked to be examined by a doctor.

28) Plaintiff was then taken to a outside hospital and treated for the injuries inflicted by the Defendants.

29) The doctor prescribed medication to ease Plaintiff's pain but the correctional transport officers quickly took Plaintiff back to the court house to await transportation to go back to the Cook County Jail before Plaintiff was provided the medication which Plaintiff continued to suffer from pain.

30) All Defendants Hawkensen, Gantinnal, Jane Doe #1, O'Mally, John Doe, Jane Doe #2, acted under color of state law in their individual capacity.

31) When Defendants knew or should have known of the intense pain and danger that was associated with Plaintiff purposely being struck by Defendants about the body without cause or justification the Defendants intentionally consciously and deliberately subjected Plaintiff to cruel and unusual punishment and a direct and proximate result of Defendants actions Plaintiff suffered bruises, pain and emotional harm constituting violations of Plaintiff's constitutional rights under the 8th Amendment and 14th Amendment Due process clause to the United States Constitution.

Wherefore, Plaintiff prays the Honorable Court for judgement in his favor against all Defendants and grant Plaintiff the following relief;

A) Issue a Declaratory Judgement that all Defendants violated the United States Constitution and 42 U.S.C. 1983.

B) Award Plaintiff compensatory damages of the sum $900,000 from each Defendant and punitive damages of the sum $85,000 from each Defendant.

C) Award cost and attorney fees. "D" Award any other relief this court deems

## Count 2 Conspiracy

1) On May 18, 2007 Plaintiff submitted a timely grievance to the Cook County Jail Grievance Committee relating to defendants assaulting plaintiff.

2) While awaiting a reply to my grievance Plaintiff spoke with Cook County Department of Corrections Superintendent Snook concerning Plaintiff grievance. When I explained what transpire between defendant and plaintiff, Superintendent Snook stated infront of detainee's O'Ms Brown and other detainee that you probably got what you deserve.

3) Plaintiff then ask defendant Snook would he look into the matter with the Grievance Committee and at that time defendant Snook said I will get back to you.

4) No more than four or five days later Cook County Department of Corrections, "Tom Dart" Warden/Sheriff was doing a walk around, when the Plaintiff and other detainees confronted defendant Tom Dart with difference concern's, Plaintiff spoke to defendant Tom Dart about my grievance and the statement defendant Snook made to Plaintiff at which time defendant Tom Dart explained that he would look into the staff assault and the misconduct of defendant Superintendent Snook.

5) Now about a week had pass by and Director of Cook County Department of Corrections and member of his staff came on B.G. Division 11, Plaintiff spoke with him as well concerning my grievance and the statement defendant Snook made and defendant Snook was present but acted as if he had no idea what the plaintiff was talking about. But he assure plaintiff he would get back to me again.

6) About three days later Plaintiff was transferred to Division #2 where Plaintiff was put on Dorm #1,3-C And at that time Plaintiff spoke to Correctional Counselor Jones concerning Plaintiff grievance on staff assault of the Plaintiff, at which time she explained to Plaintiff she would look into the matter and get back to the Plaintiff

7) After been transferred Plaintiff went back to court for another apperance. when Plaintiff incountered Defendant Hawkonsen and Gantiman, at which time officer Hawkonsen stated so you wrote a grievance it aint going no where and officer Gantiman stated you stupid ass niggar!

8) Then Defendant Hawkonsen and Gantiman started to laugh and then the Plaintiff stated "This want be the last of this as God is my witness.

9) All the Defendants in Count one and Count two conspired not to submitted the appropriate incident report to result in a proper investigation.

10) Defendants Snook, Jones, Tom Dart, Hawkonsen, Gantiman, Jane Doe#1 O'Mally, John Doe, Jane Doe#2, All acted under color of state law in their individaul capacities. when Defendants mutually knowingly and willingly deprived Plaintiff his right to petition the court for redress of grievance. The Defendants Exploitation of the exhuastion Requirement in a "minD mutual" manner Constitute Civil Conspiracy Cognizable under Section 1983. In Addiction A violation of the 6th Amendment. Wheresfore, Plaintiff Prays The Honorable Court for Judgement in his favor against all Defendants and grant Plaintiff the following Relief, A). Issue A Declaratory Judgement That all Defendants violated The United States Constitution and 42 U.S.C. 1983.

B) Award Plaintiff Conspensatory Damages of the sum $85,000 from each Defendant and Punitive Damages of the sum $45,000 from each Defendant.

C) Award Cost and Attorney fee's.

D) Award Any other Relief this layer deems Just.

I Declare under penalty of perjury that all facts given in the complaint are true and correct.

Sign this 16 day of Nov, 2007

Bernie B. Cleveland
N91318 Stateville Corr. Center.
P.O. Box 112 Route 53
Joliet Illinois, 60434-0112

6) On Aug 24th 2007 I was transferred from Cook County Department of Corrections "Cook County Jail" to Illinois Department of Corrections "Stateville Correctional Center.

7) I am presently incarcerated at Stateville Corr. Cent in Joliet Illinois 60434-0112

8) I submitted this Affidavit to the United States District Court Eastern Division to inform the Judge that while at Stateville Correctional Center I'm still making efforts to recieve a response to my grievance from the Cook County Jail

9) Accompanying this Affidavit is a copy of the Letter I sent to the Cook County Jail Grievance Committee Requesting a response to my grievance.

   I declare under penalty of perjury that I have read and understand the forge Affidavit and that the information contained therein is true and correct so help me God.
   Executed with"in" the United States this 16 of Nov, 2007 pursuant to Title 28 U.S.C. Sec. 18 U.S.C. Sec. 1621.

                                    Bernie B. Cleveland
                                    N91318 Stateville. Corr. Cent
                                    P.O. Box 112 Route 53
                                    Joliet Illinois 60434-01

IV. List all lawsuits you have filed in any state or federal court (including the Central and Southern Districts) of Illinois.

A). Name of case and docket number: Don't Remember
B). Approximate date of filing lawsuit: 12-11-03
C). List all plaintiffs: Bernie B. Cleveland
D). List all defendants: Lt. Fisher, C/O Scubblean et al.
E). Court in which the lawsuit was filed: Central District of Illinois
F). Name of Judge to whom case was assigned: Magistrate Brown
G). Basic claim made: Excessive force, cruel and unusual punishment
H). Disposition of this case: Was the case dismissed: yes   Was it appealed: no
I). Approximate date of disposition: March 13, 2004